UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
APR 25 2003
Michael M. Milby
Clerk of Court

| | |
|---|---|
| **WENCESLADO SALINAS-ALANIS** ) | |
| ) | |
| v.   ) | C.A. No. |
| ) | B 03-076 |
| AARON CABRERA, ACTING DIRECTOR ) | |
| INS HLG/DO, and   ) | |
| PHILIP D. TUTAK, INTERIM DISTRICT ) | |
| DIRECTOR FOR INTERIOR ENFORCEMENT, ) | |
| DEPARTMENT OF HOMELAND SECURITY. ) | |
| ) | |

### PETITION FOR WRIT OF HABEAS CORPUS

Wenceslado Salinas-Alanis, (Mr.Salinas"), through the undersigned, files the instant Petition for Writ of Habeas Corpus, in accordance with 28 U.S.C. §2241, and *INS v. St. Cyr,* 121 S.Ct. 2271 (2001).

### I. JURISDICTION AND VENUE

1.  Petitioner Salinas is under a final order of deportation, (Exhibit A, herein incorporated by reference).[1] He is also under an Order to surrender at Los Fresnos, Texas, for deportation on April 28, 2003, (Exhibit B, herein incorporated by reference). This order places significant restrictions on his liberty not shared by the populace at large, within the meaning of *Jones v. Cunningham,* 371 U.S. 236,240 (1963).

2.  Respondents Cabrera and Tutak maintain offices in Harlingen, Texas, within the jurisdiction of this Court.

---

[1] The attorney who previously represented Mr. Salinas, Isaias Torres, of Houston, Texas, apparently has been unable to locate Mr. Salinas' file. For this reason, Petitioner does not have a copy of the final order of deportation. Instead, he is submitting a sheet, dated September 21, 1992, stating that he had been ordered deported or removed from the United States. (Exhibit A). This is also the date given by the EOIR telephonic information system (1-800-898-7180), as the date on which the BIA dismissed his appeal.

## II.  THE PARTIES

3.   Petitioner Salinas entered the United States with a local crossing card on an unknown date in approximately 1981.  In or about 1984 or 1985 he filed for, and received, adjustment of status to that of a lawful permanent resident, ("LPR"), through his first wife, who was a United States citizen.  He has resided continuously in the United States since his entry in 1981.  His immediate family is all lawfully in the United States.

4.   Respondent Aaron Cabrera is the Acting Director of Detention and Removal of the Harlingen, Texas, office of the Immigration and Naturalization Service.  He is sued in his official capacity only.

5.   Respondent Philip D. Tutak is the Interim District Director for Interior Enforcement of the Department of Homeland Security  He is also sued in his official capacity only.

## III.  THE FACTS

6.   On an unknown date, pursuant to a previously negotiated plea bargain, Mr. Tapia pled guilty to simple possession of a few ounces of marijuana, and was placed on probation, which probation was successfully completed in approximately two years.  It is presently unknown whether or not adjudication was deferred.

7.   He was thereafter placed in deportation proceedings. He was ordered deported by an Immigration Judge on January 18, 1990, and his appeal was dismissed by the BIA on September 21, 1992.  On information and belief, it is alleged that he was at that time a lawful permanent resident who had been lawfully domiciled in the United States for more than seven years, and, under cases such as *White v. INS,* 75 F.3d 213 (5th Cir. 1996), and *Brown v. INS,* 856 F.2d 728,731,n.5 (5th Cir. 1988), should have been eligible for

2

§212(c) relief. However, since *White* was not decided until 1996, and the regulation enabling Mr. Salinas to seek reopening for the purpose of taking advantage of this decision was only in effect a few months before another regulation limiting his ability to seek reopening for any purpose took effect, he only had a window of a few months in which his prior counsel could have filed a motion to reopen for this purpose. Unfortunately, this did not occur. Current counsel has not yet had an opportunity to ascertain why.

8. However, on information and belief, it is alleged that under certain proposed regulations currently under consideration, Mr. Salinas may again be the beneficiary of a window of opportunity in which he can seek reopening, for the purpose of applying for relief under the prior §212(c) of the Act.

### IV.  THE CAUSES OF ACTION

Petitioner asserts that the deprivation of liberty complained of herein violates the laws and Constitution of the United States, as well as international law and treaty obligations with his native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241. Given that current counsel has only the most skeletal facts, and that prior counsel has lost, misplaced, or destroyed his file, it would be fundamentally unfair if he were to be deported before his case could be properly examined, to determine whether he would be eligible for relief under the proposed regulations, or otherwise be entitled to relief.

Moreover, as a permanent resident, Mr. Salinas has a fundamental liberty interest in being able to live and work in the United States, and in remaining here with his family. *See,* Dissenting Opinion of Board Member Rosenberg, *Matter of Salazar,* 23 I&N Dec. 223, 238 (BIA 2002). *See also, Landon v. Plasencia,* 459 U.S. 21, 34

(1982), citing *Bridges v. Wixon,* 326 U.S. 135,154 (1945); *Moore v. City of East Cleveland,* 431 U.S. 494,499 (1977), and *Stanley v. Illinois,* 405 U.S. 645, 651 (1972):

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom," ... Further, she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. ...

*Moore* and *Stanley* are both fundamental rights cases, involving family relationships. *Stanley* struck down a conclusive presumption, similar to that involved herein, and *Moore* simply concluded that the interest advanced by the State was insufficient to justify the particular intrusion into the family unit. As a lawful permanent resident, Mr. Salinas enjoys the same Due Process rights, including substantive Due Process rights, to develop and enjoy intimate family relationships in the United States.

The combination of provisions enacted by IIRIRA, 8 U.S.C. §1101(a)(48)(A), together with the repeal of §212(c) of the Act, and its replacement with 8 U.S.C. §1229b(a), which contains an absolute prohibition on granting discretionary relief to anyone convicted of an "aggravated felony," and the overly expansive definition of what constitute such "aggravated felonies" is an unconstitutional "conclusive presumption" that all LPRs convicted of any offense in that list are unworthy of being able to stay with their families in the United States, even where the State has deemed it appropriate to grant rehabilitative treatment to a first time offender. Similarly, by failing to permit any showing of countervailing equities, these provisions are unjustifiable, as they are not sufficiently narrowly tailored to meet a compelling state interest.

Respectfully Submitted,



Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

**VERIFICATION**

I, Lisa S. Brodyaga, hereby certify that I am familiar with Petitioner's case to the limited extent stated above, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

_____
April 25, 2003

**CERTIFICATE OF SERVICE**

I, Lisa S. Brodyaga, hereby certify that a courtesy copy of the foregoing, with exhibit, was personally delivered to the office of Lisa Putnam, SAUSA, at 1701 Zoy, Harlingen, Texas, this 25th day of April, 2003.

_____



5

```
                UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                    BROWNSVILLE DIVISION


WENCESLADO SALINAS-ALANIS           )
                                    )
                                    )
v.                                  )      C.A. No.
                                    )
AARON CABRERA, ACTING DIRECTOR      )
   INS HLG/DO, and                  )
PHILIP D. TUTAK, INTERIM DISTRICT   )
   DIRECTOR FOR INTERIOR ENFORCEMENT,)
   DEPARTMENT OF HOMELAND SECURITY. )
_____)
```

EXHIBIT "A" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

U.S. Department of Justice
Immigration and Naturalization Service

**Warning to Alien Ordered Removed or Deported**

File No: A26 086 628
Date: September 21, 1992

Alien's full name: **Wenceslado SALINAS-Alanis**

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act, you are prohibited from entering, attempting to enter, or being in the United States:

[ ] For a period of 5 years from the date of your departure from the United States because you have been found deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under Section 240 of the Act initiated upon your arrival in the United States as a returning lawful permanent resident.

[ ] For a period of 10 years from the date of your departure from the United States because you have been found:
  [ ] deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
  [ ] inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated as a result of your having been present in the United States without admission or parole.
  [ ] deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.
  [ ] deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act by a judge of a United States district court, or a magistrate of a United States Magistrate court.

[ ] For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:
  [ ] inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
  [ ] deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
  [ ] deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.
  [ ] deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.
  [ ] to have reentered the United States illegally and have had the prior order reinstated under section 241(a)(5) of the Act.

[X] At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the Immigration and Naturalization Service. Refer to the above file number when requesting forms or information.

**WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.**

_____ | Deportation Officer | Harlingen, Texas
(Signature of officer serving warning) | (Title of officer) | (Location of INS office)

Certified Mail # 7160 3901 9844 2174 4860

I-294 (Rev 6-1-97)N

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WENCESLADO SALINAS-ALANIS | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| AARON CABRERA, ACTING DIRECTOR | ) | |
|   INS HLG/DO, and | ) | |
| PHILIP D. TUTAK, INTERIM DISTRICT | ) | |
|   DIRECTOR FOR INTERIOR ENFORCEMENT, | ) | |
|   DEPARTMENT OF HOMELAND SECURITY. | ) | |
| | ) | |

EXHIBIT "B" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

# UNITED STATES DEPARTMENT OF JUSTICE
## Immigration and Naturalization Service
2102 Teege Avenue
Harlingen, Texas 78550

File No.: A26 086 628
Date: March 27, 2003



Wenceslado SALINAS-Alanis
70 El Mesquite Ln.
Rio Grande City, TX 78582

As you know, following a hearing in your case you were found deportable and an Immigration Judge has entered an order of deportation. A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to     **Mexico**
                                                                                               (COUNTRY)

on     **April 28, 2003**     from     **Brownsville, Texas**     on the
            (DATE)                                (PORT OF DEPARTURE)

                                **Vehicle Transportation**
                (NAME OF VESSEL, AIRLINE, OR OTHER TRANSPORTATION)

You should report to a United States Immigration Officer at Room     **Removals (D&R)**
                                                                                                  (NO.)

                  **2102 Teege Avenue; Harlingen, Texas 78550**
                               (ADDRESS)

at     **10:00A.M. April 28, 2003**     completely ready for deportation. At the time
            (HOUR AND DATE)

of your departure from     **Los Fresnos, TX**     you will be limited to   **20**   lbs. of baggage.
                            (PLACE OF SURRENDER)

Should you have personal effects in excess of this amount you must immediately contact

    **Mr. Robert Guadian, Jr.**     at     **(956) 427-8692**     or come in person at the address noted
      (NAME OF OFFICER)                      (PHONE NO. AND EXT.)

above, and an appropriate disposition of your excess baggage will be discussed with you.

Certified Mail # 7160 3901 9844 2174 4860

FORM I-166
(REV. 04/01/69)
cc: Isaias D. Torres, Esquire
    2918 Bagby, Suite 100
    Houston, TX 77006

Very truly yours,

Aaron L. Cabrera
Acting Assist. Dist. Dir.