UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 4 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| WENCESLADO SALINAS-ALANIS, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | C.A. No. B-03-076 |
| ) | |
| AARON CABRERA, ACTING ) | |
|    INS HLG/DO, and ) | |
| PHILIP D. TUTAK, ) | |
|    INTERIM DISTRICT ) | |
|    DIRECTOR FOR INTERIOR ) | |
|    ENFORCEMENT, DEPARTMENT ) | |
|    OF HOMELAND SECURITY, ) | |
| ) | |
|    Respondents. ) | |
| _____) | |

RESPONDENTS' RETURN AND MOTION TO
DISMISS PETITION FOR WRIT
OF HABEAS CORPUS

COME NOW, Respondents, by and through Michael T.
Shelby, United States Attorney for the Southern District of
Texas, and file this Return and Motion to Dismiss the
petition for writ of habeas corpus. The petition fails to
state a claim upon which relief can be granted.

## STATEMENT OF THE FACTS

The petitioner, Wenceslado Salinas-Alanis, ("Salinas-Alanis") entered the United States on January 23, 1985. He entered as a visitor authorized to remain in the United States for a temporary period. Government Exh. A. He remained in the United States beyond that period. On August 23, 1985, Salinas-Alanis filed an Application for Status as Permanent Resident because he was married to a United States citizen. Government Exh. B. On October 25, 1985, his status was adjusted to that of a lawful permanent resident. Government Exh. C.

A criminal information was filed against Salinas-Alanis charging him with possession of marijuana in an amount of more than four ounces and less than five pounds, the offense having been committed on November 27, 1985. Government Exh. D. On December 15, 1986, Salinas-Alanis plead no contest to the charge. He was adjudged guilty of the offense of possession of marijuana and sentenced to 5 years in prison. The imposition of the sentence was suspended and he was placed on five years probation. Government Exh. E.

2

On February 15, 1989, Immigration and Naturalization Service, now the Department of Homeland Security, issued Salinas-Alanis an Order to Show Cause alleging he was deportable for having been convicted of a violation of a law relating to a controlled substance. Government Exh. F. On January 18, 1990, an immigration judge found Salinas-Alanis deportable as charged, ineligible for relief, and ordered him deported from the United States. Government Exh. G.

Salinas-Alanis reserved his right to appeal the decision. On September 21, 1992, the Board of Immigration Appeals ("Board") dismissed the appeal, making the order of deportation administratively final. Government Exh. H.

On November 10, 1992, the Government sent a letter to Salinas-Alanis come to the Immigration office in Houston, Texas, on December 2, 1992, to review his immigration status. Government Exh. I. The letter was never claimed and returned to the Immigration Service. Government Exh. J. He was then considered a fugitive and information was disseminated to the appropriate authorities that he was wanted by the Immigration Service. Government Exh. K.

Salinas-Alanis was eventually located and sent a second letter, dated March 27, 2003, requesting he surrender for deportation on April 28, 2003. See

3

Petitioner's Exh. B attached to his Petition for Writ of Habeas Corpus. The letter was received and signed for by Salinas-Alanis on March 29, 2003. Government Exh. L. He then filed the instant petition for writ of habeas corpus and the surrender letter was cancelled on April 25, 2003. Government Exh. M.

## ARGUMENT

### SALINAS-ALANIS DID NOT HAVE THE REQUISITE PERIOD OF TIME AS A LAWFUL RESIDENT OF THE UNITED STATES AND IS INELIGIBLE FOR ANY RELIEF

Salinas-Alanis claims that he is eligible for relief from deportation because he had the requisite period of time as a lawful resident of the United States prior to September 21, 1992, when the Board issued its decision dismissing his appeal. This is simply not true.

As confirmed by Government Exhibits A and B, Salinas-Alanis entered as a nonimmigrant border crossing visitor. According to Government Exh. A, question 20, Salinas-Alanis claims he entered on January 23, 1985, and was authorized to remain in the United States until January 30, 1985. In Government Exh. B, question 10, Salinas-Alanis answered that he entered the United States at Roma, Texas, on January 23, 1985, as a visitor. His answer to question 11

4

reveals that he was issued a nonimmigrant visa number 8221626. There is a hand-written notation on the application indicating that the visa was an "I-586" which is a nonresident alien border crossing card. See 8 C.F.R. §299.1.

The alien registration file ("A-File") is devoid of any evidence of temporary lawful status in the United States prior to Salinas-Alanis' status being adjusted on October 25, 1985. Therefore, Salinas-Alanis' lawful status in the United States began on October 25, 1985, when his status was adjusted to that of a lawful permanent resident. It ended when the Board issued its decision on September 21, 1992. Salinas-Alanis falls short of the requisite seven years as a lawful resident of the United States by 39 days. Salinas-Alanis' claim that he had the requisite lawful status in the United States so that he would have been, or may be, eligible for relief pursuant to §212(c) of the Act, 8 U.S.C. §1182(c), is not supported by any evidence in the A-file.

Despite the claim that "as a permanent resident, Mr. Salinas has a fundamental liberty interest in being able to live and work in the United States, and in remaining with his family", Salinas-Alanis is **not** a lawful permanent resident. He has not been one since September 21, 1992,

5

when the Board entered its decision dismissing his appeal,

making the order of deportation administratively final.

Further, Salinas-Alanis claims that he may be eligible

for relief pursuant to §212(c) of the Act, 8 U.S.C.

§1182(c), under proposed regulations based on the Supreme

Court's decision in U.S. v. St. Cyr, 533 U.S. 289 (2001).

67 Fed. Reg. 52,627-52,633 (2002). However, an alien is

only eligible for consideration under the proposed

regulations if he had seven years' lawful residence in the

United States at the time his order of deportation became

administratively final. "For purposes of this rule, an

alien begins accruing time as of the date of entry or

admission as either a lawful permanent resident or lawful

temporary resident and the accrual of time ceases when

there is a final administrative order in the alien's case

... ." Id. at 52,630.

Salinas-Alanis lawful status began on October 25,

1985, when his application for lawful permanent resident

status was granted, and ended when the Board issued its

decision dismissing his appeal on September 21, 1992.

Therefore, Salinas-Alanis would not qualify for

consideration for relief pursuant to §212(c) of the Act, 8

U.S.C. §1182(c), under the proposed regulations.

6

## CONCLUSION

Salinas-Alanis is not now, nor was he ever, eligible for any relief from deportation. At the time of his hearing before the immigration judge, he did not qualify for relief pursuant to §212(c) of the Act, 8 U.S.C. §1182(c), because he could not show the requisite years of lawful residence in the United States. Today, he would not qualify for relief under the proposed regulations for the same reason.

Therefore, based on the foregoing, the petition for writ of habeas corpus should be dismissed.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

Lisa M. Putnam
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, TX  78551
(956) 389-7051
(956) 389-7057 (fax)
Georgia Bar No. 590315
July 14, 2003          Federal Bar No. 23937

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Respondents'

Return and Motion to Dismiss the Petition for Writ of

Habeas Corpus was mailed by first class mail to:

> Lisa S. Brodyaga, Esquire
> REFUGIO DEL RIO GRANDE
> 17891 Landrum Park Road
> San Benito, TX  78586

on this 14th day of July, 2003.

Lisa M. Putnam
Special Assistant U.S. Attorney

8



## PETITION TO CLASSIFY STATUS OF ALIEN RELATIVE FOR ISSUANCE OF IMMIGRANT VISA

**Fee Stamp**

FEE PAID AT HOU    8·2385

COMPUTER NO.    304742

*(PLEASE NOTE – YOU ARE THE PETITIONER AND YOUR RELATIVE IS THE BENEFICIARY)*

---

**TO THE SECRETARY OF STATE:**

The petition was filed on _____  2 3 AUG 1985

The petition is approved for status under section:

☑ 201 (b) SPOUSE, CHILD    ☐ 203 (a) (2)

☐ 201 (b) PARENT    ☐ 203 (a) (4)

☐ 203 (a) (1)    ☐ 203 (a) (5)

DATE OF ACTION

U. S. APPROVED INS. 2

*Paul Bafail*

DD DISTRICT DIRECTOR HOUSTON TEXAS

DISTRICT

**REMARKS**

☑ PERSONAL INTERVIEW CONDUCTED
☐ DOCUMENT CHECK ONLY
☐ FIELD INVESTIGATION COMPLETED
☐ APPROVAL PREVIOUSLY FORWARDED

---

(PETITIONER IS NOT TO WRITE ABOVE THIS LINE)

**1. Name of beneficiary** (Last, in CAPS)  (First)  (Middle)

SALINAS-Alanis, Wenceslado

**2. Do Not Write in This Space**

**3. Beneficiary's marital status:**
☑ Married  ☐ Widowed  ☐ Divorced  ☐ Single

**4. Other names used by beneficiary (including maiden name if married)**

None

**5. Has this beneficiary ever been in the U.S.?**
☐ YES  ☐ NO

**6. Country of beneficiary's birth**

Mexico

**7. Date of beneficiary's birth** (Month, day, year)

9-28-58

**8. Are beneficiary and petitioner related by adoption?**
☐ YES  ☑ NO

**9. Petitioner's name is:** (Last, in CAPS)  (First)  (Middle)

SALAZAR-de Salinas, Maria Elena

**10. petitioner's phone No.**

713-434-9809

**11. The beneficiary is my:** (relationship)

husband

**12. Other names used by petitioner (including maiden name if married woman)**

Maria Elena Salazar Vargas

**13. Name of beneficiary's spouse, if married, and date and country of birth** (Omit this item if petition is for your spouse)

N/A

**14. Full address of beneficiary's spouse and children, if any** (Omit this item if petition is for your spouse)

N/A

**15. Names, birthdates and countries of birth of beneficiary's children:**

None

**16. Check the appropriate box below and furnish the information required for the box checked:**

☐ Beneficiary will apply for a visa abroad at the American Consulate in _____
   (CITY IN FOREIGN COUNTRY) (FOREIGN COUNTRY)

☑ Beneficiary is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization

Service at _____Houston , Texas_____
           (CITY)                    (STATE)

If the application for adjustment of status is denied, the beneficiary will apply for a visa abroad at the American Consulate in

_____
(CITY IN FOREIGN COUNTRY)    (FOREIGN COUNTRY)

**17. Address in the United States where beneficiary will reside** (City)  (State)

1218 Baywater    Houston, Texas    77047

**18. Address at which beneficiary is presently residing** (Apt. No.)  (Number and street)  (Town or city)  (Province or State)  (ZIP Code)

1218 Baywater    Houston, Texas    77047

**19. (a) Beneficiary's address abroad (if any) is:** (Number and Street)  (Town or City)  (Province)  (Country)

N/A

(b) if the beneficiary's native alphabet is other than Roman letters, write his/her name and address in the native alphabet:
(Name)  (Number and Street)  (Town or City)  (Province)  (Country)

N/A

---

Initial Receipt

8·2385

Relocated Received

Received Sent

Returned Completed

OVER

RECEIVED  TRANS. IN  RET'D TRANS. OUT  COMPLETED

FORM I—130
(Rev. 5-5-83) N

**20.** If beneficiary is in the United States, give the following information concerning beneficiary

| (a) Last arrived in U.S. as (Visitor, student, exchange alien, crewman, stowaway, etc.) on (Month) (Day) (Year) | (b) Date beneficiary's stay expired or will expire as shown on his Form I-94 or I-95. (Month) (Day) (Year) | (c) Beneficiary's File number if any A- |
|---|---|---|
| **visitor** 01-23-85 | 01-30-85 | none |

| (d) Name and address of beneficiary's present employer | (e) Date beneficiary began this employment |
|---|---|
| JR'S TRACKTORS SERVICE 6214 Airport Blvd., Houston, Texas    77048 | 6/84 |

**21.** I was born (Month) (Day) (Year)    in: (Town or city)    (State or Province)    (Country)

5-1-49    Houston,    Texas    U.S.A.

**22** If you are a citizen of the United States, give the following:
Citizenship was acquired: (Check one)

☒ through birth in the U.S.    ☐ through parents    ☐ through naturalization    ☐ through marriage

(1) If acquired through naturalization, give name under which naturalized or name used prior to naturalization, if different from your present name, number of naturalization certificate, and date and place of naturalization:

(2) If known, my former alien registration number was A _____ n/a _____

(3) If acquired through parentage or marriage, have you obtained a certificate of citizenship in your own name? _____ n/a

(a) If so, give number of certificate and date and place of issuance: _____ n/a

(b) If not, submit evidence of citizenship in accordance with instruction 3 a (2)

**23.** If you are a lawful permanent resident alien of the United States, give the following.

| a. Alien Registration Number | b. Date, place, and means of admission for lawful permanent residence |
|---|---|
| A- n/a | n/a |

**24** If this petition is for your spouse or child, give the following:    a. Date and place of your present marriage

5-31-85;    Houston, Texas

b. Names of your prior spouses

Guadalupe Vargas

c. Names of spouse's prior spouses

None

**25** My residence in the United States is: (C/O, if appropriate)    (Apt. No.)    (Number and Street)    (Town or city)    (State)    (ZIP Code)

1218 Baywater    Houston, Texas    77047

**26.** My address abroad (if any) is: (Number and street)    (Town or city)    (Province)    (Country)

N/A

**27.** Last address at which I and my spouse resided together
(Town or city)    (State or Province)    (Country)    (Apt. No.)    (Number and street)    From (Month) (Year)    To (Month) (Year)

Houston,    Texas    U.S.A.    1218 Baywater    6/85    to date

**28.** If this petition is for a child, (a). is the child married? n/a    (b). is the child your adopted child? n/a    If so, give the names, dates, and places of birth of all other children adopted by you. If none, so state.

**29.** If this petition is for a brother or sister, are both your parents the same as the alien's parents? n/a    If not, submit a separate statement giving full details as to parentage, dates of marriage of parents, and the number of previous marriages of each parent.

**30.** If separate petitions are also being submitted for other relatives, give names of each and relationship to petitioner.

n/a

**31.** Have you ever filed a petition for this alien before? no    If so, give place and date of filing and result.

**32.**    CERTIFICATION OF PETITIONER

I certify, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on (date) _____ August 23, 1985    Signature _____ *Maria Elina Salinas*

**33.**    SIGNATURE OF PERSON PREPARING FORM IF OTHER THAN PETITIONER

I declare that this document was prepared by me at the request of the petitioner and is based on all information of which I have any knowledge.

Law Offices of Juan Reyes  4111 North Freeway  Houston, Texas    77022

(SIGNATURE)    (ADDRESS)    (DATE)



Immigration and Naturalization Service

# APPLICATION FOR STATUS AS PERMANENT RESIDENT

OMB No. 1115-0053
Approval Expires 8-85

| FEE STAMP | APPLICATION FOR THE BENEFITS OF SECTION: | File No. |
|---|---|---|

FEE PAID AT HOU 8 2385

COMPUTER NO. 304743

APPLICATION FOR THE BENEFITS OF SECTION:

- [ ] Sec. 209(b), I&N Act
- [ ] Sec. 214(d), I&N Act
- [ ] Sec. 13, Act of 9/11/57
- [ ] Sec. 245, I&N Act
- [ ] Sec. 249, I&N Act

(DO NOT WRITE ABOVE THIS LINE.) (SEE INSTRUCTIONS BEFORE FILLING IN APPLICATION. IF YOU NEED MORE SPACE TO ANSWER FULLY ANY QUESTION ON THIS FORM, USE A SEPARATE SHEET AND IDENTIFY EACH ANSWER WITH THE NUMBER OF THE CORRESPONDING QUESTION. FILL IN WITH TYPEWRITER OR PRINT IN BLOCK LETTERS IN INK.)

1. I hereby apply for the status of a lawful permanent resident alien on the following basis: (Check one of the boxes below.)

   A. [ ] As a person granted asylum under Section 207(a) to whom an immigrant visa is immediately available (Section 209(b), I&N Act). (No fee required.)

   B. [ ] As a person who entered the U.S. with a visa issued to me as the fiancee or fiance of a U.S. citizen whom I married within 90 days after my entry, or as a child of such fiancee or fiance (Sec. 214(d), I&N Act).

   C. [ ] As a former government official, or as a member of the immediate family of such official (Section 13, Act of September 11, 1957).

   D. [X] As a person to whom an immigrant visa is immediately available, other than one described above (Section 245, I&N Act).

   E. [ ] As a person who has resided in the United States continuously since prior to July 1, 1924 (Section 249, I&N Act).

   F. [ ] As a person who has resided in the United States continuously since a date on or after July 1, 1924, but before June 30, 1948 (Section 249, I&N Act).

   G. [ ] As a motion to reopen or to reconsider my case in deportation proceedings before an immigration judge. (The fee for this request is $50.00.)

2. My name is (family in capital letters) (First Given) (Middle)
   SALINAS-Alanis, Wenceslado

3. Sex [X] Male [ ] Female

Phone number 713-434-9809

4. I reside in the United States at: (c/o) (Apt. No.) (No. and Street)
   1218 Baywater
   (City) (State) (ZIP Code)
   Houston, Texas 77047

5. Have you ever applied before for permanent resident status in the U.S.? [X] No [ ] Yes
   (If "Yes", give the date and place of filing and final disposition.)

6. My file number is
   A- none

7. I am a citizen of (Country)
   Mexico

8. Date of Birth (Month) (Day) (Year)
   9-28-58

9. Place of Birth (City or Town) (County, Province, or State) (Country)
   Maguellitos, Tamaulipas, Mexico

10. Name as appears on nonimmigrant document (Form I-94)
    SALINAS-Alanis, Wenceslado

I last arrived in the United States at the port of (City and State)
Roma, ., Texas

on (Month) (Day) (Year)
01-23-85

by (Name of vessel or other means of travel)
motor vehicle

as a (visitor, student, crewman, parolee, etc.)
visitor

[X] was [ ] was not inspected.

11. My nonimmigrant visa, number 8221628 was issued by the United States American Consul at (City) (Country)
    Roma, Texas

on (Month) (Day) (Year)
2/7/84

12. I am [ ] single [X] married [ ] divorced [ ] widowed

13. I have been married 1 times, including my present marriage, if now married. (If you are now married give the following:)

   a. Number of times my husband or wife has been married
   2

   b. Name of husband or wife (Wife give maiden name)
   Maria Elena Salazar

   c. My husband or wife resides [X] with me [ ] apart from me at Address (Apt. No.) No. & Street) (Town or City) (Province or State) (Country)

14. a. I have 0 sons or daughters as follows: (Complete all columns as to each son or daughter; if living with you state "with me" in last column; otherwise give city and state or country of son's or daughter's residence).

| Name | Sex | Place of Birth | Date of Birth | Now living at |
|---|---|---|---|---|
| None | | | None | |
| | | | | |
| | | | | |
| | | | | |

b. The following members of my family are also applying for permanent resident status:

None

| Initial Receipt | Received | Relocated | | Returned | Completed | |
|---|---|---|---|---|---|---|
| | | Received | Sent | | | |
| 8 2385 | | | | | | OVER |

Form I-485 (Rev. 5-5-83) N

| | RECEIVED | TRANS IN | RETD. TRANS. OUT | COMPLETED |
|---|---|---|---|---|
| | | | | |

15. I list below all organizations, societies, clubs and associations, past or present, in which I have held membership in the United States or a foreign country, and the periods and places of such membership. (If you have never been a member of any organization, state "None")

N/A

16. I ☑ have not ☐ have been treated for a mental disorder, drug addiction or alcoholism. (If you have been, explain.)

17. I ☑ have not ☐ have been arrested, convicted or confined in a prison. (If you have been, explain.)

18. I ☑ have not ☐ have been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action. (If you have been, explain.)

19. APPLICANTS FOR STATUS AS PERMANENT RESIDENTS MUST ESTABLISH THAT THEY ARE ADMISSIBLE TO THE UNITED STATES. EXCEPT AS OTHERWISE PROVIDED BY LAW, ALIENS WITHIN ANY OF THE FOLLOWING CLASSES ARE NOT ADMISSIBLE TO THE UNITED STATES AND ARE THEREFORE INELIGIBLE FOR STATUS AS PERMANENT RESIDENTS:

Aliens who have committed or who have been convicted of a crime involving moral turpitude (does not include minor traffic violations); aliens who have been engaged in or who intend to engage in any commercialized sexual activity; aliens who are or at any time have been, anarchists, or members of or affiliated with any Communist or other totalitarian party, including any subdivision or affiliate thereof; aliens who have advocated or taught, either by personal utterance, or by means of any written or printed matter, or through affiliation with an organization, (i) opposition to organized government, (ii) the overthrow of government by force or violence, (iii) the assaulting or killing of government officials because of their official character, (iv) the unlawful destruction of property, (v) sabotage, or (vi) the doctrines of world communism, or the establishment of a totalitarian dictatorship in the United States; aliens who intend to engage in prejudicial activities or unlawful activities of a subversive nature; aliens who have been convicted of violation of any law or regulation relating to narcotic drugs or marihuana, or who have been illicit traffickers in narcotic drugs or marihuana; aliens who have been involved in assisting any other aliens to enter the United States in violation of law; aliens who have applied for exemption or discharge from training or service in the Armed Forces of the United States on the ground of alienage and who have been relieved or discharged from such training or service; medical graduates (other than those for whom Relative petitions have been approved) coming principally to perform services as members of the medical profession, unless they have passed Parts I and II of the National Board of Medical Examiners Examination (or an equivalent examination as determined by the Secretary of the Department of Health and Human Services) and who are competent in oral and written English.

Do any of the foregoing classes apply to you? ☑ No   ☐ Yes (If answer is Yes, explain)

20. (COMPLETE THIS BLOCK ONLY IF YOU CHECKED BOX "A", "B", "C", OR "D" OF BLOCK 1)

APPLICANTS WHO CHECKED BOX "A" "B" "C" OR "D" OF BLOCK 1 IN ADDITION TO ESTABLISHING THAT THEY ARE NOT MEMBERS OF ANY OF THE INADMISSIBLE CLASSES DESCRIBED IN BLOCK 10 ABOVE MUST, EXCEPT AS OTHERWISE PROVIDED BY LAW, ALSO ESTABLISH THAT THEY ARE NOT WITHIN ANY OF THE FOLLOWING INADMISSIBLE CLASSES:

Aliens who are mentally retarded, insane, or have suffered one or more attacks of insanity; aliens afflicted with psychopathic personality, sexual deviation, mental defect, narcotic drug addiction, chronic alcoholism or any dangerous contagious disease; aliens who have a physical defect, disease or disability affecting their ability to earn a living; aliens who are paupers, professional beggars or vagrants; aliens who are polygamists or advocate polygamy; aliens who intend to perform skilled or unskilled labor and who have not been certified by the Secretary of Labor (see Instruction 10); aliens likely to become a public charge; aliens who have been excluded from the United States within the past year, or who at any time have been deported from the United States, or who at any time have been removed from the United States at Government expenses; aliens who have procured or have attempted to procure a visa by fraud or misrepresentation; aliens who have departed from or remained outside the United States to avoid military service in time of war or national emergency; aliens who are former exchange visitors who are subject to but have not complied with the two year foreign residence requirement.

Do any of the foregoing classes apply to you? ☑ No   ☐ Yes (If answer is Yes, explain)

21. I ☐ do not ☑ do intend to seek gainful employment in the United States. If you intend to seek gainful employment in the United States, state the occupation you intend to follow.   Mekanic

**22.** *(Complete this block only if you checked Box D of block 1)*

☐ a. I have a priority on the consular waiting list at the American Consulate at _____ , _____ as of _____
                                                          (City)                           (Date)

☐ b. A visa petition according me ☐ immediate relative ☐ preference status was approved by the district director at _____ on _____
                   (City and State)                                (Date)

☐ c. A visa petition has not been approved in my behalf but I claim eligibility for preference status because ☐ my spouse ☐ my parent is the beneficiary of a visa petition approved by the district director at _____ on _____
                   (City and State)                                (Date)

☐ d. A visa petition in my behalf accompanies this application.

☒ e. Other (Explain)    Beneficiary is married to a U.S.C.

**23.** *(Complete this box only if you checked Box E or F of Block 1)*

A. I first arrived in the United States at (Port) _____ on (Date) _____ by means of (Name of vessel or other means of travel) _____ n/a _____

I ☐ was ☐ was not inspected by an immigration officer _____
                                                     n/a

B. I entered the U.S. under the name *(Name at time of entry)* _____

and I was destined to (City and State) _____

I was coming to join (Name and relationship) _____

C. Since my first entry I ☐ have not ☐ have been absent from the United States. *(If you have been absent, attach a separate statement listing the port, date and means of each departure from and return to the U.S.)*

**24.** ☒ Completed Form G-325A (Biographic Information) is attached as part of this application. | ☐ Completed Form G-325A (Biographic Information) is not attached as applicant is under 14 years of age.

**25.** IF YOUR NATIVE ALPHABET IS IN OTHER THAN ROMAN LETTERS, WRITE YOUR NAME IN YOUR NATIVE ALPHABET BELOW:

N/A

Signature of Applicant: *Wladlado Filio*

Date of Signature: August 23, 1985

**26.** (SIGNATURE OF PERSON PREPARING FORM, IF OTHER THAN APPLICANT.) I declare that This document was prepared by me at the request of the applicant and is based on all information on which I have any knowledge.

Law Offices of Juan Reyes    Date: 7/23/85

Address of person preparing form, if other than applicant:
4111 North Freeway
Houston, Texas  77022

Occupation: Law Firm

---

*(Application not to be signed below until applicant appears before an officer of the Immigration and Naturalization Service for examination)*

I, _____ , do swear (affirm) that I know the contents of this application subscribed by me including the attached documents, that the same are true to the best of my knowledge, and that corrections numbered ( ) to ( ) were made by me or at my request, and that this application was signed by me with my full, true name:

*(Complete and true signature of applicant)*

2 3 AUG 1985

Subscribed and sworn to before me by the above-named applicant at *Houston, TX* on _____
                                        (Month)       (Day)       (Year)

*(Signature and title of officer)*



IMMIGRATIO    AND NATURALIZATION SERVIC

MEMORANDUM OF CREATION OF RECORD OF LAWFUL PERMANENT RESIDENCE

PLACE: HOUSTON, TEXAS
FILE NO: A26086628

STATUS AS A LAWFUL PERMANENT RESIDENT OF THE  UNITED STATES IS ACCORDED:

NAME:    WENCESLADO    SALINAS                    SEX: M
IN CARE OF:
ADDRESS:    1218 BAYWATER                         DATE OF BIRTH: 09/28/58
CITY:    HOUSTON              TX  77047           PLACE OF BIRTH: MEXIC
                                                  NATIONALITY:    MEXIC

CITY OF BIRTH: MAGUELLITOS          COUNTRY OF LAST RESIDENCE: MEXICO

MARITAL STATUS: M                   OCCUPATION: SER
N/I CLASS AT TIME OF ADJ.: B-2
YEAR OF NI CLASS:    1985
COUNTRY TO WHICH CHARGEABLE(IF ANY): N/A           PREFERENCE(IF ANY): 201(b)
                                                   PRIORITY DATE:   /  /

LABOR CERT   ( ) SUBMITTED        ( X NOT APPLICABLE SANTOS
MOTHERS 1ST NAME: PAULINA         FATHERS 1ST NAME: SANTOS

LAST NIV ISSUED AT (U. S. CONSULATE POST) I-586
DATE:        NUMBER:              CLASS: B-2

UNDER THE FOLLOWING PROVISION OF LAW:

( ) PUBLIC LAW 95-412            ( ) SEC 209 (A) OF THE I&N ACT
( ) PUBLIC LAW 96-212            ( ) SEC 209 (B) OF THE I&N ACT
( ) SEC 244( )( ) OF THE I&N ACT ( X SEC 245 OF THE I&N ACT
( ) SEC 214(D) I&N ACT           ( ) PRIVATE LAW NO.   OF THE
( ) OTHER LAW SPECIFY:           ( ) CONGRESS    SESSION

AS OF 10/25/85 AT H0 CLASS OF ADMISSION            IR6

REMARKS:

*RECOMMENDED BY: (IMMIGRATION OFFICER)    ***********************************
                                          *   DATE OR ACTIONS 10/25/85
DATE:  08/23/85                           *
                                          *
                                          *
                                          *
                                          *
                                          ***********************************

MI COPY SENT : 8/26/85                    ADIT COPY SENT 11/4/85
FORM I-181 (REV. 3-1-83)
***********************************

RELATIONSHIP:
      DPOB:
   RESIDENCE:

SENT U. S. CONSULATE AT............. .........  ON . . . . .



**INFORMATION**

NO. 17,681

SEX: W/M    DOB: 09-28-58

W/M    06-25-48

THE STATE OF TEXAS VS. MIGUEL GOMEZ AND WENCESLADO SALINAS

CHARGE: POSSESSION OF MARIHUANA                    JP#    8-53663
                                                          8-53662

STATE'S WITNESS: K. ANDERSON

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:**

I, Jim Mapel                                    ~~XXXXXXX~~ Criminal District Attorney of Brazoria County,

in said State, on the written affidavit of Jaye Blaha a competent and credible person

herewith filed in the ~~XXXXX~~ Court in the County of Brazoria and the State of Texas do present unto said court that on or

23rd Judicial District

about the 27th day of November, A.D. 19 85, and before the making and

filing of this information, in the County of Brazoria and the State of Texas, one Miguel Gomez and

Wenceslado Salinas did then and there: intentionally and knowingly possess a

usable quantity of marihuana of more than four (4) ounces and less than

five (5) pounds;

against the peace and dignity of the State.

FILED

at _____ o'clock _____ M

FRANCES PENNETT
Clerk of District Court Brazoria Co., Texas

BY _____ DEPUTY

ASSISTANT CRIMINAL DISTRICT ATTORNEY
BRAZORIA COUNTY, TEXAS



23RD JUDICIAL DISTRICT

FRANCES BENNETT
Clerk of District Court, Brazoria Co., Texas
BY _____ DEPUTY
CR 51/344

JUDGMENT

| | |
|---|---|
| THE STATE OF TEXAS | CAUSE ___17,681___ |
| VS. | TERM ___OCTOBER-MARCH, 1986___ |
| WENCESLADO SALINAS | DATE ___DECEMBER 15, 1986___ |

This day this cause was called for trial and the State appeared by her Criminal District Attorney and the Defendant ___WENCESLADO SALINAS___ _____ appeared in person, and by counsel, ___Chuck Kinsey.___

and both parties announced ready for trial. The Defendant, in person and in writing, in open court, having waived right of trial by jury, such waiver being with the consent and approval of the Court and now entered of record in the minutes of the Court, and such waiver being with the consent and approval of the Criminal District Attorney in writing and filed in the papers of this cause, ___was arraigned___ and, in open court, pleaded no contest ~~xxxxxxx~~ to the charge of a felony, ___Possession of Marijuana___

Thereupon the said defendant was admonished by the Court as to the range of punishment and of the consequences of said pleas, and the defendant persisted in pleading no contest ~~xxxxxxx~~; and it plainly appearing to the Court that the defendant is competent, and uninfluenced in making said plea by any consideration of fear, or by any persuasion or delusive hope of pardon, prompting the Defendant to confess guilt, the said plea of no contest ~~xxxxxxx~~ was accepted by the Court and entered of record upon the minutes. The Defendant, in open court and in writing waived the appearance, confrontation, and cross-examination of witnesses, consented to the stipulation of evidence and to the introduction of testimony by affidavit written statements of witnesses, and any other documentary evidence; and such waiver and consent was approved by the Court and filed in the papers of the cause.

Whereupon the defendant proceeded to trial before the Court, he having waived the ___reading of the information___, and the Court heard defendant's plea no contest of ~~guilty~~ and considered the pleadings and evidence offered, is of the opinion that the defendant is guilty of the offense charged.

IT IS THEREFORE CONSIDERED AND ADJUDGED BY THE COURT that the Defendant is guilty of the offense of a felony, ___Possession of Marijuana___ as charged in the ___information___ and that the said Defendant committed said offense on the ___27th___ day of ___November___, A.D., ___1985___ and that he be punished by confinement in the Texas Department of Corrections ~~xxxxxxxxxxxxxxxxxxxxx~~ for a term of ___five (5)___ years ~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx~~ ~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx~~, and that the State of Texas have and recover of the said Defendant ~~xxxxxxxxxxxxxxxxxxxxxxxxxxxx~~ all costs in the prosecution expended, for which execution will issue.

_____
PAUL FERGUSON, JUDGE

DATE: 12-15-86                    12-15-86
                                 FRANCES DEN----T
THE STATE OF TEXAS                    IN THE DISTRICT COURT Brazoria Co., Texas
                                      BY _____ DEPUTY
VS.                                   OF   CrS1/393
                                              et seq.
WENCESLADO SALINAS                    BRAZORIA COUNTY, TEXAS

## FELONY PROBATION

In accordance with the authority conferred by Article 42.12, Section 3., Texas Code of Criminal Procedure, as amended, in the imposition of your ___five (5)___ year sentence in the Texas Department of Corrections for the felony offense of __Possession of Marijuana__ has been suspended and you have been placed on probation this date for a period of ___five (5)___ years. It is the ORDER OF THE COURT that during the term of this probation you shall:

A    Commit no offense against the laws of this State or of any other State or of the United States or of any government entity;

B    Avoid injurious or vicious conduct and totally abstain from the use or consumption of alcoholic beverages of any kind or any substance capable of or calculated to cause intoxication or the illegal use of any controlled substance;

C    Avoid persons of disreputable or harmful character, including but not limited to persons on probation or parole or who have been previously convicted of a crime or who have a history or reputation for violating the laws of this State or of any other State or of the United States and specifically avoid contact or association of any type with _____

D    Avoid places of disreputable or harmful character, including but not limited to any place where unlawful activities are being conducted or any place where alcoholic beverages are sold, served or delivered for on premise consumption except bonafide eating establishments where you will remain only for such length of time as is reasonably necessary for the consumption of food ordered by or served to you;

E    Obey all rules, regulations and policies of the probation department;

F    Submit to fingerprint and photograph processing;

G    Furnish the probation officer with accurate and truthful information concerning background and present status;

H    Report to the probation officer this date and on the ___5th___ day of each month during the period of this probation and at said time submit an accurately completed and signed Probationer's Monthly Report to the probation officer;

I    Report monthly total income and expenses and the source of all income to the probation officer;

J    Notify your probation officer within five days if questioned by any peace officer or after any charge of violating any law has been made against you, stating the offense charged, the jurisdiction in which the charge is filed and the disposition or status of the charge;

K    Do not enter into any agreement to act as "informer" or special agent for any peace officer or law enforcement agency;

L    Reside within ___Harris___ County, ___Texas___, and do not change place of residence within said county without first notifying the probation officer;

M    Do not leave the State of Texas without first obtaining permission in writing from the probation officer showing that the Court authorizes such removal and do not leave the County of Court approved residence for longer than seventy-two hours without first obtaining permission in writing from the probation officer showing that the Court authorizes such removal;

N    Permit the probation officer to visit you at your home or elsewhere;

O    Seek suitable employment in some lawful occupation, work faithfully to perform the duties of the employment and maintain a standard of personal appearance that will not impede you in obtaining and/or maintaining employment; specifically, do not make any job change without first notifying the probation officer and if terminated notify the probation officer by the next business day thereafter documenting daily efforts to secure employment and do secure another employment within a period of 60 days;

P    Support the dependents that you now have or that you acquire during the term of this probation;

Q    Do not purchase nor have in your possession a rifle, shotgun, handgun or any weapon deemed illegal, unlawful or prohibited by law, either at home, in a motor vehicle or on your person;

R.  Pay the following:

1.  PROBATION FEE of $25.00 per month during the term of your probation, payments to be made on the ___15th___ day of each month beginning Jan. 15 , 19 87 , payable through the Adult Probation Department of this County.

2.  COURT COSTS of $ 90.00 , payment to be made on or before Jan. 15 19 87 , payable through the Clerk of this Court.

3.  FINE of $_____ at $_____ per month until paid in full, payments to be made on the_____ day of each month beginning_____, 19_____, payable through the Clerk of this Court.

4.  ATTORNEY FEE of $_____ at $_____ per month until paid in full, payments to be made on the_____ day of each month beginning_____, 19_____, payable through the Clerk of this Court.

5.  RESTITUTION of $ 1,000.00 at $ 50.00 per month until paid in full, payments to be made on the 5th day of each month beginning Feb . 15 , 19 87 , payable through the Adult Probation Department of this County, to be paid to the victims in the respective sums of money as is listed in the Restitution Schedule attached hereto. Restitution is to be paid jointly and severally with_____.

And furthermore, during the term of your probation you shall strictly follow and observe the following marked terms and conditions:

___X___ S  Be at your home or domicile by ___11:00 P.M.___ and remain there until ___6:00 A.M.___ except when at work or on a direct route going to or from work;

_____ T  Attend and successfully complete the alcohol education classes of the supervising adult probation department within 90 days of this date and pay the established fee for said classes;

___X___ U  Freely cooperate and voluntarily submit to a breath test and/or urinalysis immediately upon arrest for any offense, or when requested by the Probation Officer, such request not to exceed once a week, to determine whether or not you are using or are under the influence of alcohol or any controlled substance. And pay the assessed fee to the Brazoria County Adult Probation Department.

_____ V  Work faithfully, without compensation, at a Community-Service Task assigned by the Court; specifically, work_____ hours for _____

_____

_____ W  Participate in a community based program, to-wit: _____

_____ and

obey all rules, regulations and policies of said program until successfully terminated by the Court;

_____ X  Remain under custodial supervision in a community based facility, to-wit:_____ and obey all rules, regulations and policies of said facility until successfully terminated by the Court;

_____ Y  Submit to a period of detention in the County Jail of Brazoria County, Texas, to serve a term of incarceration of_____ days, to begin on the_____ day of_____, 19_____, to be served as follows: _____

_____

_____

_____

_____

...re hereby advised that under the Law of this State, the Court has determined the terms and conditions of your proba-
nd may at any time during the period of probation alter or modify the conditions of your probation The Court also

has the authority at any time during the period of your probation to revoke your probation for violation of any of the conditions set out.

Signed this 15th day of Dec. , 19 86

_____
JUDGE PRESIDING
23RD JUDICIAL DISTRICT
BRAZORIA COUNTY, TEXAS

_____
ASSISTANT DISTRICT ATTORNEY

*Charly M. Kinsey*
_____
ATTORNEY FOR DEFENDANT

*Larry Johnson*
_____
PROBATION OFFICER

I acknowledge receipt from the Clerk of a copy of my conditions of probation

12-15-86
_____
Dated

_____
Probationer

_____
Clerk

I acknowledge that a probation officer of Brazoria County, Texas and the Court have explained the conditions of my probation and I understand them.

_____
Dated

_____
Probationer

_____
Probation Officer

| Defendant's Right Thumb |
| --- |
|  |



# UNITED STATES DEPARTMENT OF JUSTICE
### Immigration and Naturalization Service

## ORDER TO SHOW CAUSE and NOTICE OF HEARING

In Deportation Proceedings under Section 242 of the Immigration and Nationality Act

UNITED STATES OF AMERICA:                    File No. __A26 086 628_____

In the Matter of    Wenceslado SALINAS-Alanis                    Respondent.
                    P.O. Box 458
                    __Penitas, Texas   78576_____
                    Address (number, street, city, state, and ZIP code)

UPON inquiry conducted by the Immigration and Naturalization Service, it is alleged that:

1. You are not a citizen or national of the United States;
2. You are a native of __Mexico_____
   and a citizen of __Mexico_____,
3. You entered the United States at __POE Roma, Texas_____on
   or about __January 23, 1985__
              (date)

4. At that time you entered as a visitor for pleasure;
5. On October 25, 1985 you adjusted your status to that of a permanent resident alien immigrant;
   On December 15, 1985, you were convicted of possession of marijuana in 23rd District Court in Brazoria County, Texas.

AND on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:

Section 241 (a)(11) of the Immigration and Nationality Act, in that, you at any time have been convicted of a violation of any law or regulation relating to the illicit possession of marijuana, to wit, possession of more than 4 ounces but less than 5 pounds, reflected in Court Docket #17,641, a Felony under Texas State Law.

WHEREFORE, YOU ARE ORDERED to appear for hearing before an Immigration Judge of the Immigration and Naturalization Service of the United States Department of Justice at

on_____TO BE SET_____at_____m, and show cause why you should not be deported from the United States on the charge(s) set forth above.

Dated:  February 15, 1989
        10:00 A.M.

_E. J. Vickery  By: JM_
(signature and title of issuing officer)

**Assistant Chief Patrol Agent**
(City and state)

McAllen, Texas

Form I-221  (Rev. 7-1-73)Y

**NOTICE TO RESPONDENT**

ANY STATEMENT YOU MAKE MAY BE USED AGAINST YOU IN DEPORTATION PROCEEDINGS

THE COPY OF THIS ORDER SERVED UPON YOU IS EVIDENCE OF YOUR ALIEN REGISTRATION
WHILE YOU ARE UNDER DEPORTATION PROCEEDINGS. THE LAW REQUIRES THAT IT BE
CARRIED WITH YOU AT ALL TIMES

If you so choose, you may be represented in this proceeding, at no expense to the Government, by an
attorney or other individual authorized and qualified to represent persons before the Immigration and Nat-
uralization Service. You should bring with you any affidavits or other documents which you desire to have
considered in connection with your case. If any document is in a foreign language, you should bring the
original and certified translation thereof. If you wish to have the testimony of any witnesses considered,
you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Order
to Show Cause and that you are deportable on the charges set forth therein. You will have an opportunity to
present evidence on your own behalf, to examine any evidence presented by the Government, to object, on
proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Gov-
ernment. Failure to attend the hearing at the time and place designated hereon may result in a determina-
tion being made by the Immigration Judge in your absence.

You will be advised by the Immigration Judge, before whom you appear, of any relief from deportation, in-
cluding the privilege of departing voluntarily, for which you may appear eligible. You will be given a rea-
sonable opportunity to make any such application to the Immigration Judge.

Failure to attend the hearing at the time and place designated hereon may result in your arrest and deten-
tion by the Immigration and Naturalization Service.

---

**REQUEST FOR PROMPT HEARING**

To expedite determination of my case, I request an immediate hearing, and waive any right I may have to
more extended notice.

X _____
(signature of respondent)

Before: _____        _____ 2-15-89 _____
(signature and title of witnessing officer)                    (date)

---

**CERTIFICATE OF SERVICE**

This order and notice were served by me on _____ 2-15-89 _____ in the following manner:
(date)

PERSONAL SERVICE

_____ SPA
(signature and title of employee or officer)





**U.S. Department of Justice**
Executive Office for Immigration Review
Office of the Immigration Judge

File A _26 - 086 - 628_

In the Matter of

SALINAS- Alanis, **Respondent.**
Wenceslado

In Deportation Proceedings

Order of the
Immigration Judge

Upon the basis of respondent's admissions I have determined that he is deportable on the charge(s) in the Order to Show Cause.

Respondent has made no application for relief from deportation.

ORDER: It is ordered that respondent be deported from the United States to _Mexico_
_____ on the charge(s) contained in the Order to Show Cause.

IT IS FURTHER ORDERED that if the aforementioned country advises the Attorney General that it is unwilling to accept respondent into its territory or fails to advise the Attorney General within three months following original inquiry whether it will or will not accept respondent into its territory, respondent shall be deported to _____

Copy of this decision has been served upon respondent and the Immigration and Naturalization Service.
Appeal: Waived—reserved. by respondent    due 1-29-90

Date: _Jan. 18, 1990_
Place: _Houston_

_Susan L. Gardner_
**(Immigration Judge)**

FORM EOIR-7
FEB. 84

3. INS COPY



Falls Church, Virginia 22041

========================================================================

File:  A26 086 628 - Houston                    Date:

                                                                    SEP 21 1992
In re:  WENCESLADO SALINAS-ALINAS

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Isaias D. Torres, Esquire
                            2918 Bagby, Suite 100
                            Houston, Texas  77006

ON BEHALF OF SERVICE:  Clarissa Guajardo Muller
                       General Attorney

CHARGE:

   Order:  Sec. 241(a)(11), I&N Act [8 U.S.C. § 1251(a)(11)] –
           Convicted of controlled substance violation

APPLICATION:  Continuance, fair hearing


ORDER:

   PER CURIAM.  The respondent has appealed from a January 18,
1990, decision of the immigration judge finding him deportable as
charged and ineligible for relief from deportation.  The appeal
is dismissed.  The request for oral argument before the Board is
denied.  See 8 C.F.R. § 3.1(e).

   Respondent is a 34-year-old native and citizen of Mexico who
entered the United States in January 1985 as a visitor for
pleasure.  He adjusted his status to that of a lawful permanent
resident in October 1985.  In December 1985 he was convicted in
Texas on a plea of nolo contendere of possessing marijuana and
was sentenced to 5 years' probation.  Thereafter, on February 15,
1989, an Order to Show Cause was issued charging him with
deportability under section 241(a)(11) of the Immigration and
Nationality Act, 8 U.S.C. §§ 1251(a)(11), as an alien convicted
of a controlled substance offense.

   Respondent denied the charge.  However, based on the
criminal conviction records introduced by the Immigration and
Naturalization Service, we, like the immigration judge, find that
deportability has been established by clear, unequivocal, and
convincing evidence.  See Woodby v. INS, 385 U.S. 276 (1966);
8 C.F.R. § 242.14(a).

A26 086 628

During proceedings before the immigration judge, the respondent maintained through counsel that he was not advised of the immigration consequences of his plea of nolo contendere to his criminal offense. He requested a continuance in order that he might pursue a challenge to his conviction on this basis. The immigration judge granted an initial 6-week continuance in order that the respondent might pursue the matter. However, she declined to grant any further continuances when she determined that the respondent was not challenging the conviction because of a failure to advise him of the immigration consequences of his nolo contendere plea, but instead was challenging the conviction based on his attorney's alleged conflict of interest in the matter.

On appeal, respondent argues that the deportation order "entered by the Immigration Judge is void and violates due process of law since it is based on a conviction which is void under Texas law." He maintains that the immigration judge erred in not granting him "a continuance in order to set aside [the] void criminal conviction."

With regard to the respondent's assertion, regulations provide that a continuance may be granted in the immigration judge's discretion if good cause is shown. 8 C.F.R. §§ 3.27, 242.13. Whether or not a continuance will be granted is within the sound discretion of the immigration judge. <u>Matter of Sibrun</u>, 18 I&N Dec. 354 (BIA 1983). A decision to deny a continuance will not be overturned on appeal unless it appears that the respondent was deprived of a full and fair hearing. <u>Matter of Perez-Andrade</u>, 19 I&N Dec. 433 (BIA 1987).

We see no good cause for a continuance in the present circumstances. The courts as well as this Board have repeatedly discouraged the use of collateral attacks on a final judicial conviction to delay deportation proceedings. <u>See</u>, <u>e.g.</u>, <u>De La Cruz</u> v. <u>INS</u>, 951 F.2d 226 (9th Cir. 1991); <u>Brown</u> v. <u>INS</u>, 856 F.2d 731 (5th Cir. 1988); <u>Trench</u> v. <u>INS</u>, 783 F.2d 181 (10th Cir.), <u>cert. denied</u>, 479 U.S. 961 (1986); <u>Zinnanti</u> v. <u>INS</u>, 651 F.2d 420 (5th Cir. 1981) (per curiam); <u>Aguilera-Enriquez</u> v. <u>INS</u>, 516 F.2d 565 (6th Cir. 1975), <u>cert. denied</u>, 423 U.S. 1050 (1976); <u>Ordaz-Machado</u> v. <u>Rivkind</u>, 669 F. Supp. 1068 (S.D. Fla. 1987); <u>Matter of Agarwal</u>, 13 I&N Dec. 171 (BIA 1969). Therefore, we find that the immigration judge was under no obligation to continue proceedings in order that the respondent might pursue a challenge to his criminal conviction and did not deprive the respondent of a full and fair hearing in refusing to do so. To hold otherwise would allow a respondent to avoid the adjudication of his deportability for perhaps long periods of time simply by pursuing collateral attacks on his conviction. <u>See generally</u> <u>Matter of Perez-Andrade</u>, <u>supra</u>.

-2-

A26 086 628

    Accordingly, the appeal is dismissed. While we dismiss the appeal based on its lack of merit, we also note that, as a result of the appeal, the issue raised by the respondent is largely moot. By virtue of the appeal, respondent has been given a more than adequate period of time, _i.e._, close to 3 years, in which to accomplish the task of challenging his conviction. There is nothing to indicate that he did so or that he was successful in his efforts.


_____
              FOR THE BOARD

-3-





**U.S. Department of Justice**

Immigration and Naturalization Service
**509 NORTH BELT**
**HOUSTON, TEXAS   77060**

---

File Number  **A 26 086 628**

**Wenseslado SALINAS-Alamis**
**P.O. Box 458**
**Penitas, Texas 78576**

Date **NOV 1 0 1992**

Please come to the office shown below at the time and place indicated in connection with an official matter.

| | |
|---|---|
| OFFICE LOCATION | Room No. **200-D**  Floor No. **2ND**  **U.S. IMMIGRATION AND NATURALIZATION SERVICE** **509 NORTH BELT, SUITE 200D** **HOUSTON, TEXAS 77060** |
| DATE AND HOUR | **DATE: DEC 0 2 1992**   **TIME:   8:00 A.M.** |
| ASK FOR | **DEPORTATION OFFICER:   A. GOMEZ** |
| REASON FOR APPOINTMENT | **TO REVIEW YOUR IMMIGRATION STATUS IN THE UNITED STATES.** |
| BRING WITH YOU | **THIS FORM, FORM I-94,   YOUR PASSPORT, AND ANY OTHER IMMIGRATION DOCUMENTS IN YOUR POSSESSION.** |

IT IS IMPORTANT THAT YOU KEEP THIS APPOINTMENT AND BRING THIS LETTER WITH YOU.

If you are unable to do so, state your reason, sign below and return this letter to this office at once.

**NOTE:   IF YOU HAVE BEEN LAWFULLY ADMITTED TO PERMANENT RESIDENT STATUS KEEP THIS APPOINTMENT AND PRESENT EVIDENCE OF YOUR ADMISSION. (I.E., ALIEN REGISTRATION CARD, FORM I-551, PASSPORT, I-181).**

CLERICAL BY

RECOMM

REVIEWED

I am unable to keep the appointment because:

APPROVED BY

Very truly yours,

**ROBERT A. WALLIS**
**DISTRICT DIRECTOR**

| SIGNATURE | | DATE |
|---|---|---|

cc Isaias Torres

Form G-56
(Rev. 5-1-83)Y

☐ CHECK THIS BOX WHEN COPY MAILED TO ATTORNEY OR REPRESENTATIVE FILE COPY



DEPORTATION
U.S. Department of Justice
Immigration & Naturalization Service
509 N Belt
Houston, TX 77060

Official Business
Penalty for Private Use, $300

115

Wenceslado SALINAS-Alanis
P.O. Box 458
Penitas, Texas 78576

REASON CHECKED
Unclaimed ____
Attempted-not known ____
Insufficient Address ____
Refused ____
No such street ____
No such number ____
No such office in state ____
Do not recall nature ____

CERTIFIED MAIL
P 879 530 928

NAME ____
1st Notice 11-12
2nd Notice 11-21
Return 11-24

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

U.S. OFFICIAL MAIL





# WANTED

## BY
## United States
## IMMIGRATION



**LAST NAME:** SALINAS-Alaniz
**FIRST NAME:** Wenceslado
**ALIASES:**

**INS FILE #** A26 086 628
**DOB:** 09/28/58
**POB:** MEXICO
**NATIONALITY:** MEXICO
**HEIGHT:** 600
**WEIGHT:** 215
**HAIR:** BLACK
**EYES:** BROWN

**COMPLEXION:** MEDIUM
**SEX:** MALE
**RACE:** WHITE
**SS#:** 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
**SCARS/MARKS:** SC L MID FINGER/MISSING TIP
                L RING FINGER
**OCCUPATION:**
**FINGERPRINT#:**
**NCIC#:** W781405156

PENITAS, TEXAS

*CITY AND STATE OF LAST KNOWN RESIDENCE*
WANTED FOR DEPORTATION (CHARGE)    POSSESSION OF MARIJUANA

IF YOU HAVE ANY INFORMATION ON THE WHEREABOUTS OF THE ABOVE
CRIMINAL ALIEN, PLEASE CONTACT U.S. IMMIGRATION AT: (713) 847-7958,7959.
AFTER HOURS:    (713) 708-1165,1169,1170.



| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| | A. Received by (Please Print Clearly) Wenceslado Salinas | B. Date of Delivery 3/29/03 |

**7160 3901 9844 2174 4860**

| C. Signature |
|---|
| X _Wenceslado Salinas_ ☐ Agent ☐ Addressee |

**3. Service Type  CERTIFIED MAIL**

**4. Restricted Delivery? (Extra Fee)**   ☐ Yes

| D. Is delivery address different from Item 1? ☐ Yes If YES, enter delivery address below: ☐ No |
|---|

**1. Article Addressed to:**

Wenceslado SALINAS-Alanis
70 El Mesquite Ln.
Rio Grande City, TX 78582

I-166, I-294/A26 086 628                    D11/pce/3-27-03

PS Form 3811, July 2001        Domestic Return Receipt



UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
2102 Teege Avenue
Harlingen, Texas 78550

File No.: A26 086 628
Date:    March 27, 2003

*Cancelled 4-25-03*

Wenceslado SALINAS-Alanis
70 El Mesquite Ln.
Rio Grande City, TX 78582

    As you know, following a hearing in your case you were found deportable and an Immigration Judge has entered an order of deportation. A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to _____ Mexico _____
                                             (COUNTRY)

on _____ April 28, 2003 _____ from _____ Brownsville, Texas _____ on the
        (DATE)                       (PORT OF DEPARTURE)

_____ Vehicle Transportation _____ .
                    NAME OF VESSEL, AIRLINE, OR OTHER TRANSPORTATION)

You should report to a United States Immigration Officer at Room _____ Removals (D&R) _____
                                                 (NO.)

_____ 2102 Teege Avenue; Harlingen, Texas 78550 _____
                                  (ADDRESS)

at _____ 10:00A.M.  April 28, 2003 _____ completely ready for deportation. At the time
            (HOUR AND DATE)

of your departure from _____ Los Presnos, TX _____ you will be limited to _ 20 _ lbs. of baggage.
                        (PLACE OF SURRENDER)

Should you have personal effects in excess of this amount you must immediately contact

_____ Mr. Robert Guadian, Jr. _____ at _ (956) 427-8692 _ or come in person at the address noted
    (NAME OF OFFICER)         (PHONE NO. AND EXT.)

above, and an appropriate disposition of your excess baggage will be discussed with you.

Very truly yours,

Certified Mail # 7160 3901 9844 2174 4860

FORM I-166
(REV. 04/01/69)
cc: Isaias D. Torres, Esquire
    2918 Bagby, Suite 100
    Houston, TX 77006

Aaron L. Cabrera
Acting Assist. Dist. Dir.